CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | | |
|---|---|---|
| RODRIGO GONZALEZ ORTIZ, | : | Case No.  19-CV-55 |
| | : | |
| Plaintiff, | : | FLSA COMPLAINT |
| | : | |
| -against- | : | |
| | : | |
| MR PRODUCE INC. and SHARON GROSSMAN, | : | **Jury Trial** |
| | : | **Demanded** |
| Defendants. | : | |

------------------------------------------------------------------------X

Plaintiff RODRIGO GONZALEZ ORTIZ ("Plaintiff"), by and through his

undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants

MR PRODUCE INC. ("MR PRODUCE") and SHARON GROSSMAN (collectively, the

"Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants:

(a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages,

(d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is

entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime

compensation, (c) liquidated and statutory damages pursuant to the New York Labor Law

and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiff is a resident of Queens County, New York.

6.     Defendant, MR PRODUCE, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 2144 East 70th Street, Brooklyn, New York 11234.

7.     Defendant SHARON GROSSMAN is the President, Chief Executive Officer, owner, shareholder, director, supervisor, managing agent, and proprietor of MR PRODUCE who actively participates in the day-to-day operations of MR PRODUCE and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with MR PRODUCE.

8.     Defendant SHARON GROSSMAN exercises control over the terms and conditions of his employees' employment in that he has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv)

2

supervise and control the work of the employees, and (v) create and maintain employment records.

9.    Defendant SHARON GROSSMAN actively supervises the work of the employees, and mandates that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by him.

10.    Upon information and belief, at all times relevant to the allegations herein MR PRODUCE has been and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

11.    Defendants continuously employed Plaintiff as a produce delivery worker for Defendants' produce supply business from in or about June 2018 until on or about November 18, 2018.

12.    The work performed by Plaintiff was directly essential to the business operated by Defendants.

13.    Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

14.    Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

15.    Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

16.     Defendant SHARON GROSSMAN actively participates in the day-to-day operation of MR PRODUCE.  For instance, Mr. Grossman personally supervises and directs the work of the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for errors made.

17.     Defendant SHARON GROSSMAN creates and implements all crucial business policies, and decides issues concerning the number of hours the employees work, the amount of pay the employees are entitled to receive, and the manner and method by which the employees are to be paid.

18.     In or about June 2018, Defendants hired Plaintiff as a non-exempt produce delivery worker for Defendants' produce supply business, where his responsibilities included picking up produce from Hunt's Point Market each evening and delivering the produce to Defendants' customers – namely, restaurants and delicatessens in Manhattan, Queens, and Long Island.

19.     Plaintiff never traveled outside the State of New York to make deliveries on behalf of Defendants.

20.     The vehicle that Plaintiff used to transport and deliver produce to Defendants' customers weighed less than 10,000 pounds.

21.     Neither at the time of Plaintiff's hire, nor anytime thereafter, did Defendants provide Plaintiff with a wage notice informing Plaintiff what his regular hourly rate and corresponding overtime rate of pay would be.

22.     Plaintiff worked continuously for Defendants until on or about November 18, 2018.

23.     Plaintiff worked over forty (40) hours per week.

24.     From the beginning of his employment and continuing through in or about August 2018, Plaintiff worked five (5) days per week, and his work schedule consisted of thirteen (13) hours per day Monday through Friday from 10:00 p.m. until 11:00 a.m.

25.     Beginning in or about September 2018 and continuing through the remainder of his employment on or about November 18, 2018, Plaintiff worked five (5) days per week, and his work schedule consisted of fourteen (14) to fifteen (15) hours per day Monday through Friday from 10:00 p.m. until 12:00 p.m. or 1:00 p.m. the following day.

26.     Plaintiff was not required to punch a time clock or other time recording device at the start and end of each work shift.

27.     Throughout the entirety of his employment, Plaintiff was not paid proper overtime compensation. Except for the last seven (7) days of his employment, Plaintiff was paid, in cash, at the rate of $1,000 per week straight time for all hours worked and worked sixty-five (65) to seventy-five (75) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

28.     Plaintiff was not paid any minimum wages or overtime compensation for the last seven (7) days of his employment.

29.     Defendants failed to provide Plaintiff with a written wage statement at the end of each pay period upon paying Plaintiff his cash wages, which set forth Plaintiff's gross wages, deductions, and net wages.

30.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA minimum wage or the New York State minimum during the last seven (7) days of his employment.

5

31.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half) throughout the entirety of his employment, in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

32.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

33.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "32" of this Complaint as if fully set forth herein.

34.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

36.     Upon information and belief, MR PRODUCE had gross revenues in excess of $500,000 during the 2018 calendar year.

37.     Plaintiff worked hours for which he was not paid the statutory minimum wage.

6

38.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for hours worked.

39.     Defendants willfully failed to pay Plaintiff minimum wages in the lawful amount for hours worked.

40.     Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

41.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

42.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

43.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff.

44.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

45.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

46.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

47.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

48.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### [Violation of the New York Labor Law]

49.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "48" of this Complaint as if fully set forth herein.

50.     Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

51.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

52.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

53.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

54.     Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

55.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

56.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

57.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

58.     Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff RODRIGO GONZALEZ ORTIZ respectfully requests that this Court grant the following relief:

(a)    An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(d)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e)    An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(f)    An award of prejudgment and post-judgment interest;

(g)    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(h)    Such other and further relief as this Court determines to be just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
       January 3, 2019

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
    Giustino (Justin) Cilenti (GC2321)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Rodrigo Gonzalez Ortiz, am an employee currently or
formerly employed by Mr. Produce Inc., and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
___12 - 10___, 2018